James D. Riddet, Esq. (SBN 39826)
jriddet@bmkattorneys.com
Kenneth M. Miller, Esq. (SBN 151874)
kmiller@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for Defendant
Mark Rettenmaier

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MARK RETTENMAIER,<br><br>Defendant | Case No. SA CR 14-0188 CJC<br><br>DEFENDANT MARK A. RETTENMAIER'S REPLY TO GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE iPHONE (Docket 95)<br><br>Date: May 23, 2016<br>Time: 9:00 am<br>Courtroom 9B |

Defendant Mark Rettenmaier, M.D., hereby replies to the Government's Opposition to his Motion to Suppress iPhone (Doc. No. 95). Whether law enforcement seized Dr. Rettenmaier's iPhone when he first pulled into his driveway, by ordering him to bring it into the residence during the execution of a search warrant for the residence, is a question of fact. Dr. Rettenmaier swears that is what happened and the government denies it. So an evidentiary hearing is necessary.

The government argues this factual dispute is moot because the iPhone was "on the premises" where a search warrant was being executed, so its seizure would have been authorized by the warrant. Opp. at 7. The government cites *United States v. Duque,* 62 F.3d 1146, 1151 (9th Cir. 1995) for the proposition that a search warrant for a residence covers cars that are on the premises.[1] There are at least two problems with the government's argument.

First, it begs the question: what are the premises? The legal concept of "curtilage" is how that question is often answered. For example, in *United States v. Gorman,* 104 F.3d 272, 274 (9th Cir. 1996), the Ninth Circuit recognized that a search warrant for a residence permits a search of the home's curtilage, including an attached garage. In *Duque* (which the government cites), the Ninth Circuit cites to *United States v. Percival,* 756 F.2d 600, 612 (7th Cir. 1985), which the government also cites. In *Percival,* the search of a car within an attached garage was authorized by a warrant to search the home.[2] Thus, it appears that the rule is that a vehicle is on the premises and subject to search under a search warrant for that premises, when it is located within an attached garage.

As explained in Dr. Rettenmaier's motion, his iPhone was seized in his driveway which is outside the curtilage of his home. So, it was not on the premises and its seizure was outside the scope of the warrant for Dr. Rettenmaier's home.

The second problem with the government's argument is that it ignores the reason Dr. Rettenmaier brought his iPhone from a place that was clearly outside the scope of the warrant (his work place) to the driveway outside his home, a home that was being searched pursuant to a warrant. The reason is that the agents told Dr. Rettenmaier's wife to call him and have him come home. Opp. at 3; Casanova Dec. at ¶2. Dr. Rettenmaier reasonably concluded that he had no choice. Rettenmaier Dec. at ¶3.

---

[1] *Duque* does not state exactly where the vehicle was located in relation to the residence when it was searched.

[2] The government also cites the unpublished opinion of *United States v. Sexton,* 586 Fed. Appx. 304, 306 (9th Cir. 2014). *Sexton* is inapposite because there "the abandoned Chevrolet Cheyenne" was covered by the warrant's express application to "all travel trailers and buildings."

"Found on the premises" cases do not apply when a defendant is lured onto the premises after execution of the warrant has begun. *See United States v. Gentry,* 839 F.2d 1065, 1069 (5th Cir. 1988) ("forcibly leading a vehicle from a place outside the scope of the warrant to a place within its territorial coverage does not make its search permissible."). *Cf. State v. Christiansen,* 119 Idaho 841, 810 P.2d 1127 (1990) (Fourth Amendment violated where suspect is arrested after exiting home pursuant to police compulsion where no warrant for arrest within home or exception to warrant requirement for entering home).

Accordingly, Dr. Rettenmaier's iPhone was seized in his driveway, the seizure was outside the scope of the warrant and the seizure was not otherwise justified by an exception to the warrant requirement. For this reason, and the reasons explained in Dr. Rettenmaier's Motion to Suppress iPhone (Doc. No. 76), the iPhone and any fruit of its seizure must be suppressed.

Dated: April 11, 2016

Respectfully submitted,

BIENERT, MILLER & KATZMAN

James D. Riddet
Kenneth M. Miller

Attorneys for Defendant

308759-1