```
EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
M. ANTHONY BROWN (Cal. Bar No. 243848)
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorneys
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (213) 894-8230/(714) 388-3592
     Facsimile: (213) 894-8513/(714) 388-3708
     E-mail:    Anthony.Brown@usdoj.gov
                Gregory.Scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 14-188-CJC |
|---|---|
| Plaintiff, | SUPPLEMENTAL DECLARATION OF CYNTHIA KAYLE |
| v. | Hearing Date: 1/11/17 |
| MARK ALBERT RETTENMAIER, | Hearing Time: 9:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Cormac J. Carney |

1  Plaintiff United States of America, by and through its counsel
2  of record, the United States Attorney for the Central District of
3  California and Assistant United States Attorneys Gregory S. Scally
4  and M. Anthony Brown, hereby files the attached Supplemental
5  Declaration of Cynthia Kayle in support of its oppositions to
6  defendants suppression motions set for hearing on January 11, 2017.

7  Dated: January 10, 2017        Respectfully submitted,

8                                  EILEEN M. DECKER
                                   United States Attorney
9
                                   LAWRENCE S. MIDDLETON
10                                 Assistant United States Attorney
                                   Chief, Criminal Division
11

12                                       /s/
                                   M. ANTHONY BROWN
13                                 GREGORY S. SCALLY
                                   Assistant United States Attorneys
14
                                   Attorneys for Plaintiff
15                                 UNITED STATES OF AMERICA

<u>SUPPLEMENTAL DECLARATION OF CYNTHIA KAYLE</u>

I, Cynthia Kayle, declare as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"). I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. On January 4, 2016, I submitted a declaration in support of the government's opposition to defendant Mark Albert Rettenmaier's motion to suppress under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). In paragraph 5 of that declaration, I stated that to the best of my recollection I took the notes attached to the declaration as Exhibit B during a telephone call I had had with FBI Special Agent Tracey Riley on January 27, 2012. After my declaration was filed, I found the original WordPerfect file of the printed portion of the notes in Exhibit B on my computer. That file had a modification date of February 3, 2012. Based on that modification date, I now believe that I took the notes attached to my initial declaration as Exhibit B on February 3, 2012, not on January 27, 2012, as I had previously stated.

3. On or about January 30, 2012, I sent to AUSA Anne Gannon for her review a draft of the affidavit used in the search warrants in this case. Because, as just stated, I took the notes in Exhibit B to my initial declaration on February 3, 2012, I believe that the description of the images of child pornography located in paragraph 18 of the search warrant affidavits in this case -- which are virtually identical to paragraph 18 of the draft affidavit that I sent to AUSA Gannon on January 30, 2012 -- was based on information I had obtained from Agent Riley before January 30, 2012, and

therefore before I took the notes in Exhibit B to my initial declaration.

4. I am aware that in his motion for discovery (ECF No. 127), Dr. Rettenmaier also alleges that the search warrant affidavits falsely and misleadingly state in paragraph 26(j) that, "[o]ther than the limited review detailed above, the United States has not attempted to obtain this data by other means," when in fact the lead from SA Riley said that a scan had been attempted on the hard drive on January 6, 2012, and SA Riley apparently returned to the Best Buy facility in Brooks, Kentucky, on February 3, 2012, to re-review child pornography images discovered by the Geek Squad technicians on Dr. Rettenmaier's hard drive.  I do not at this time have an independent recollection of including this particular sentence in the affidavit. However, I do recall that this language comes at the end of a section in the affidavit titled "Training And Experience On Digital Devices" which I did not personally draft but borrowed from other computer search warrants approved by the United States Attorney's Office. Looking back at this language now, especially in light of my initial draft of the affidavit, I cannot be sure whether I consciously incorporated this sentence into the draft affidavit because I interpreted it to mean that the government had not previously sought another search warrant in this case, whether I left it in the draft affidavit as a placeholder to discuss later with the AUSA, or whether I was unaware of it because I did not carefully enough review the final affidavit before I swore it out.  I am sure, however, that I did not purposely add this language to the affidavit with the intention of deceiving the magistrate judge about other attempted searches of Dr. Rettenmaier's hard drive.  As for SA Riley's supposed

return to Best Buy, I don't have any recollection of SA Riley telling me that the images she described to me on February 3, 2012, were of images she saw when returning to Best Buy a second time.

    5.   I have reviewed the Court's Order of December 19, 2016 (ECF No. 173), on page 17 of which the Court says that the search warrant affidavit in this case "erroneously states '[a]s Mark Rettenmaier submitted one internal hard drive for repair rather than the entire computer tower, it is likely there are additional hard drives, computers, or digital devices' at his home."  At the time I made the statement in the affidavit, I was not aware that Rettenmaier had submitted his entire computer for repair earlier in November 2011 under a different Best Buy/Geek Squad service order.  When drafting the search warrant affidavit, I based this statement on a Best Buy/Geek Squad service order I had received from SA Riley and which was included in Exhibit A to my initial declaration.  I did not intentionally try to mislead the magistrate judge by making this statement in the affidavit.

    6.   At the time I applied for the warrants, I believed the "9yo Jenny" image described to me by SA Riley and included in the paragraph 18(c) qualified as child pornography under the "sadistic or masochistic abuse" definition in 18 U.S.C. § 2256(2)(A)(iv).

3

7. While I do not have an independent recollection of sending the January 19, 2012, email to SSA Michael Osborn in which I stated, "I know the USAO won't charge on carved images," and do not specifically recall the basis for that statement, to the best of my recollection I believe I must have formed this impression by speaking to other agents or task force officers. Furthermore, while I do not remember any specific conversation with AUSA Anne Gannon about whether the images on Rettenmaier's hard drive needed to be carved, I thought that was obvious from the fact that Rettenmaier had submitted the hard drive for data recovery services. I did not deliberately attempt to hide from AUSA Gannon or the magistrate judge that the images needed to be "carved" to be seen in the ordinary way.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Santa Ana, California, on January 10, 2017.

_____
Cynthia Kayle