SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
MICHAEL ANTHONY BROWN (Cal. Bar No. 243848)
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorneys
Santa Ana Branch Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3708
    E-mail:   anthony.brown@usdoj.gov
             gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MARK ALBERT RETTENMAIER,<br><br>        Defendant. | SA CR No. 14-00188-CJC<br><br>GOVERNMENT'S MOTION TO DISMISS INDICTMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(a) |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, hereby moves to dismiss the indictment in the above-captioned case, pursuant to Federal Rule of Criminal Procedure 48(a). The government recommends that the bond be exonerated.

This motion is based upon the attached memorandum of points and authorities and the files and records in the case.

Dated: November 20, 2017        Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office


 /s/
MICHAEL ANTHONY BROWN
GREGORY S. SCALLY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 48(a) provides that the government may dismiss an indictment with leave of court.  In considering whether to grant the government leave to dismiss an indictment pursuant to Rule 48(a), the Ninth Circuit has instructed:

> Separation of powers concerns generally require a district court to defer to the government's decision to seek dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative.  The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995) (internal citations omitted).  Moreover, the Ninth Circuit in Gonzalez noted that "[i]n light of the history and purpose of Rule 48(a), we have . . . required district judges entertaining such requests [for leave to dismiss] to grant considerable deference to the prosecutor."  Id. at 461; see also United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution").  Courts have also noted that the "principal purpose of the leave-of-court requirement is 'to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.'"  United States v. Garcia-Valenzuela,

232 F.3d 1003, 1008 (9th Cir. 2000) (quoting Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977)).

Prosecutors are primarily responsible for balancing the public and individual interests at stake in a particular prosecution. United States v. Jacobo-Zavala, 241 F.3d 1009, 1013 (8th Cir. 2001); Gonzalez, 58 F.3d at 463. With this in mind, a prosecutor's decision to dismiss a case should be granted unless the court finds it was made in bad faith. See, e.g., Garcia-Valenzuela, 232 F.3d at 1008 (court may deny unopposed motion to dismiss indictment without prejudice only if "clearly contrary to manifest public interest"); United States v. Welborn, 849 F.2d 980, 983 (5th Cir. 1988).

In this case, having evaluated the evidence remaining after the Court's ruling on defendant's suppression motions, the government believes it is in the interest of justice to dismiss the case. Consequently, the government respectfully requests that this Court dismiss the indictment against defendant.

Dated: November 20, 2017          SANDRA R. BROWN
                                  Acting United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  DENNISE D. WILLETT
                                  Assistant United States Attorney
                                  Chief, Santa Ana Branch Office


                                   /s/
                                  MICHAEL ANTHONY BROWN
                                  GREGORY S. SCALLY
                                  Assistant United States Attorneys